IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA     *
                              *
        v.                 *         CR 111-273
                              *
GLENROY HERBERT JEFFREY.     *
                              *

## O R D E R

       Presently before the Court is Defendant's motion for clarification and modification of his Court-ordered fine. (Doc. 33.) In October 2011, Defendant pled guilty to being a felon in possession of a firearm. (Doc. 25.) In February 2012, the Court sentenced Defendant to a term of 70 months imprisonment to be served consecutive to a state sentence, 36 months of supervised release, a $100 special assessment, and a $1,500 fine. (Doc. 30.) In his motion, Defendant asks this Court to provide the reasons for imposing his fine[1] and moves the Court to reduce or eliminate his fine.

       Pursuant to 18 U.S.C. § 3572(c), a sentence to pay a fine can be:

    (1) modified or remitted under section 3573;
    (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or
    (3) appealed and modified under section 3742.

18 U.S.C. § 3572(c). For all other purposes, "a judgment that includes such a sentence is a final judgment[.]" Id.

---

[1]     Specifically, Defendant questions the imposition of a fine against him when similarly situated inmates did not receive fines.

As to the first option, only the government may move the Court for an order "remitting the fine on a showing that reasonable efforts to collect the fine are not likely to be effective." United States v. Williamson, No. 7:96-CR-23, 2005 WL 1669751, at *1 (M.D. Ga. July 14, 2005). The Government has made no such motion.

Second, a defendant may:

> file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine . . . than the maximum established in the guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable.

18 U.S.C. § 3742(a). "Further, Section 3572 indicates that [Section 3742] must be applied in conjunction with Rule 35 that permits a defendant to file a motion to correct a sentencing error within [14] days of sentencing." Williamson, 2005 WL 1669751, at *1; Fed. R. Crim. P. 35(a).

Here, there is no evidence to indicate (1) that the fine was or is in violation of law; (2) that the fine was imposed as a result of an incorrect application of the guidelines; (3) that the fine exceeded that provided for in the guideline range; or (4) that the fine was imposed for an offense for which there is no sentencing guideline. Moreover, Defendant has filed the instant motion nearly three years after his original sentence was imposed, well outside of the two week framework.

Notwithstanding the above, other federal courts of this state have recognized a defendant's ability to seek modification of his sentence pursuant to 18 U.S.C. § 3572(d)(3), which provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

See also United States v. Simmons, No. 4:04-cr-252, 2007 WL 2345246, at *1 (S.D. Ga. Aug. 15, 2007) (quoting Williamson, 2005 WL 1669751, at *1). Accordingly, the Court may alter a fine upon Defendant's showing of a change in his financial circumstances. Id. That is, the Court may alter the payment schedule but cannot eliminate the fine completely. Under this standard, Defendant must show that he has suffered some sort of material change in his financial circumstances that justifies adjustment of the payment schedule.

This he has not done. As a preliminary matter, Defendant's guideline range suggested a $10,000 to $100,000 fine. (FTR Recording System ("FTR") at 10:46:01.) The Court, in considering the factors in § 5E1.2(d) of the United States Sentencing Commission Guidelines, recognized that Defendant would be unable to pay such a steep fine and departed considerably in imposing a $1,500 fine. (Id. at 11:02:17.) The Court understands that Defendant makes only $18 per month in a compound kitchen, a non-

3

Unicor position. However, such a position was expressly contemplated by the Court at sentencing.[2] The Court held that Defendant would be allowed to make quarterly installments of a minimum $25. (Id. at 11:02:29.) Even at $18 per month, Defendant has presented no evidence of why he is unable to pay the minimum $25 every three months.

In the enlightened words of Judge B. Avant Edenfield of this District, "[t]hose who do the crime must pay the fine." Simmons, 2007 WL 2345246, at *2. Accordingly, Defendant's motion to reduce his fine (doc. 33) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _10th_ day of February, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]    Defendant requests that the Court explain its reasoning in imposing the fine when other inmates did not receive similar fines.    At Defendant's sentencing, the Court engaged in a thoughtful, individualized inquiry into Defendant's ability to pay and issued the sentence accordingly.

4