IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENROY HERBERT JEFFREY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-053 |
| | ) | (Formerly CR 111-273) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Glenroy Herbert Jeffrey filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

### I.  BACKGROUND

In an indictment returned July 13, 2011, a grand jury in the Southern District of Georgia charged Petitioner in one count with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Jeffrey, CR 111-273, doc. no. 1 (S.D. Ga. July 13, 2011) (hereinafter "CR 111-273"). Petitioner retained attorney Travis Saul to represent him, and on October 13, 2011, Petitioner pleaded guilty to the one charge brought against him. Id., doc. nos. 5-7, 23-25.

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at twenty-three, Criminal History Category at IV, and Guidelines imprisonment range at seventy to eighty-seven months. PSI ¶¶ 24, 55. Because Petitioner had two previous convictions for burglary at the time of his conviction, categorized as crimes of violence under § 2K2.1 of the advisory sentencing Guidelines, his base offense level was twenty-four. PSI ¶¶ 15, 26, 27. That base level raised two points because the firearm he was convicted of possessing was stolen, but then went back down three points to twenty-three based on Petitioner's acceptance of responsibility. PSI ¶¶ 16, 22-24. The statutory maximum term of imprisonment for Petitioner's offense is ten years. 18 U.S.C. §§ 922(g)(1) and 924(a)(2); PSI ¶ 54.

No objections were filed to the PSI, and at sentencing on February 1, 2012, United States District Judge J. Randal Hall imposed a sentence of seventy months of imprisonment, to be served consecutively to the revoked probation terms Petitioner was serving on prior state convictions. CR 111-273, doc. nos. 29, 30. Petitioner elected not to file an appeal. Id., doc. no. 32. Other than an unsuccessful motion to modify the fine imposed at sentencing, (id., doc. nos. 33, 34), Petitioner made no challenges to his conviction or sentence.

Then, on June 26, 2015, the United States Supreme Court decided Johnson v. United States, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to

another." 18 U.S.C. § 924(e)(2)(B)(ii). In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Based on these recent rulings from the Supreme Court, Petitioner filed his § 2255 motion, arguing that Johnson is applicable to his "parallel case" because although he was not sentenced under the ACCA, his sentence was enhanced under a provision of the advisory sentencing Guidelines which contains the same language as the provision of the ACCA declared void by the Supreme Court in Johnson. (See generally doc. no. 1.)

## II.   DISCUSSION

As explained above, Petitioner had two previous convictions for burglary, categorized as crimes of violence by the advisory sentencing Guidelines, at the time of his federal conviction. Therefore his base offense level was automatically set under the terms of § 2K2.1 of the Guidelines. U.S.S.G. § 2K2.1(a)(2) provides for a base offense level of twenty-four "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." According to the Application Notes to this section of the Guidelines, "crime of violence" is defined as provided in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2. That definition provides a "crime of violence" is a federal or state offense punishable by a term of imprisonment exceeding one year that: "(1) has an element the use, attempted use or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

3

Although the ACCA and Guidelines "include an identical residual clause that encapsulates crimes that 'present[] a serious potential risk of physical injury to another[,] 18 U.S.C. § 924(e)(2)(B) [&] U.S.S.G. § 4B1.2(a)(2)," Johnson does not apply to career offender enhancements under the sentencing guidelines. United States v. Matchett, 802 F.3d 1185, 1194 (11th Cir. 2015). This is because the vagueness doctrine under the Due Process Clause does not apply to the sentencing Guidelines but is, instead, "limited to criminal statutes that define elements of a crime or fix punishments." Id. As Petitioner's sentence was not based on application of the ACCA's residual clause and the Eleventh Circuit has determined Johnson does not apply to enhancements under the Guidelines, Petitioner is not entitled to be resentenced without application of § 2K2.1. See id.; see also United States v. Kirk, No. 13-15103, 2016 WL 335937, at *2 (11th Cir. Jan. 28, 2016) ("[N]othing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines."); United States v. Snipes, CR 11-00268 / CV 15-00419, 2015 WL 8207484, at *1-2 (S.D. Ala. Dec. 7, 2015) (dismissing Johnson-based claim for resentencing without § 2K2.1 enhancement under reasoning of Matchett).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 19th day of May, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA